## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.   1:20-cv-22427-MGC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY LOCATED AT 900
BISCAYNE BLVD UNIT #6107, MIAMI,
FLORIDA 33132,

    Defendant *In Rem*.

_____/

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* ON BEHALF OF NATHALIE BUMBA-PEMBE

Claimant Nathalie Bumba-Pembe ("Claimant"), by and through her undersigned counsel, hereby answers the Verified Complaint for Forfeiture *In Rem* ("Complaint") as follows:[1]

## NATURE OF THE ACTION

1. The allegations in this Paragraph set forth Plaintiff's legal allegations and its characterization of its action, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

2. The allegations in this Paragraph set forth Plaintiff's legal allegations and its characterization of its action, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

---

[1] For the avoidance of doubt, any allegation not specifically admitted herein is otherwise denied.

1

3. The allegations in this Paragraph set forth Plaintiff's legal allegations and its characterization of its action, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

4. The allegations in this Paragraph set forth Plaintiff's legal allegations and its characterization of its action, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

## JURISDICTION AND VENUE

5. This Paragraph consists of conclusions of law, to which no response is required.

6. This Paragraph consists of conclusions of law, to which no response is required.

7. This Paragraph consists of conclusions of law, to which no response is required.

## PEOPLE AND ENTITIES

8. Claimant admits the allegations in this Paragraph.

9. Claimant admits the allegations in this Paragraph.

10. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

11. Claimant admits that Denis Sassou Nguesso is the President of the Republic of Congo and that he has held office since 1979. Claimant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in this Paragraph and, on that basis, denies each and every remaining allegation in this Paragraph.

12. Claimant admits that Denis-Christel Sassou Nguesso ("Mr. Nguesso") [2] is a Member of Parliament in Congo and that, from 2001-2009, Mr. Nguesso held various positions with Société Nationale de Pétroles du Congo ("SNPC"). Claimant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in this Paragraph and, on that basis, denies each and every remaining allegation in this Paragraph.

13. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

14. Claimant admits the allegations in this Paragraph.

15. Claimant avers that she is the partner of Mr. Nguesso. Claimant further avers that she is titleholder to the Defendant Asset, and therefore holds 100% ownership interest in the Defendant Asset.

16. The allegations in this Paragraph set forth Plaintiff's legal allegations and its characterization of its action, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

## FACTUAL ALLEGATIONS

17. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

18. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

---

[2] Claimant avers that the official title of Denis-Christel Sassou Nguesso is "Congressman" or Member of Parliament ("MP") and not "Minister." Nonetheless, in following the structure of the Verified Complaint, this Answer restates Plaintiff's use of the term "Minister" in subsequent section headings. Claimant's restatement of Plaintiff's section headings is in no way an admission of the contents of those section headings.

19. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**I.  Minister Nguesso Was The Gatekeeper to Congo's Oil Wealth**

20. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

21. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

22. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

23. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

24. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

25. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**II.  Minister Nguesso Abused His Position at SNPC to Misappropriate Public Funds**

26. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**A.  Minister Nguesso Misappropriated Money from SNPC.**

27. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

28. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

29. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

30. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

31. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

32. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

33. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**B.  Minister Nguesso Took Bribes and Engaged in Self-Dealing.**

34. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

35. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**III.  Minister Nguesso Spent Significantly More Money Than He Claimed to Earn**

36. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

37. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

38. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

39. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

40. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

41. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

42. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

43. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

44. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

45. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

46. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

47. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

48. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**IV.   Minister Nguesso Purchased The Miami Property With Funds Traceable To Funds He Misappropriated From SNPC**

49. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

50. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

51. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

52. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

53. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

54. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

55. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

56. Claimant admits that the Defendant Asset is a penthouse condo with floor-to-ceiling windows and a view of Miami's Biscayne Bay, the Atlantic Ocean, and the Miami skyline. Claimant further admits that the Defendant Asset has over 3,500 square feet including three terraces, three bedrooms, and five bathrooms. Claimant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and, on that basis, denies them.

57. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

58. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

59. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

60. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

61. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

62. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

63. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

64. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

65. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

66. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

67. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

68. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

69. Claimant admits that the Defendant Asset was transferred to her on September 22, 2016 by Mr. Nguesso, her partner. Claimant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and, on that basis, denies them.

70. Claimant denies each and every allegation set forth in this Paragraph. Claimant avers that the transfer of ownership of the Defendant Asset was undertaken in consideration for the financial security of Claimant and the minor children of Mr. Nguesso and Claimant.

71. Claimant denies each and every allegation set forth in this Paragraph. Claimant incorporates by reference her response in Paragraph 70 to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

**V.   Minister Nguesso Purchased Other Properties Using A Similar System of Misdirection and Nominees**

72. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

73. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

74. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

75. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

76. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

77. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

78. Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

**FOREIGN LAW BASIS FOR FORFEITURE**

79. This Paragraph consists of conclusions of law, to which no response is required.

80. This Paragraph consists of conclusions of law, to which no response is required.

81. This Paragraph consists of conclusions of law, to which no response is required.

### FIRST CLAIM FOR RELIEF
### (18.U.S.C. § 981(a)(1)(C))

82. Claimant incorporates her responses to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

83. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

84. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

### SECOND CLAIM FOR RELIEF
### (18 U.S.C. § 981(a)(1)(A))

85. Claimant incorporates her responses to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

86. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

87. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

### THIRD CLAIM FOR RELIEF
### (18 U.S.C. § 981(a)(1)(A))

88. Claimant incorporates her responses to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

89. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

90. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

## FOURTH CLAIM FOR RELIEF
### (18 U.S.C. § 981(a)(1)(A))

91. Claimant incorporates her responses to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

92. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

93. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

## FIFTH CLAIM FOR RELIEF
### (18 U.S.C. § 981(a)(1)(A))

94. Claimant incorporates her responses to each and every allegation incorporated by Plaintiff in this Paragraph as if fully set forth herein.

95. This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

96.     This Paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and, on that basis, denies them.

### **ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES**

1.      On information and belief, Claimant alleges this action was not commenced within five years after the time when Plaintiff knew or should have known of all or part of the conduct constituting the alleged offenses giving rise to this forfeiture, or within two years after the time when Plaintiff knew or should have known of the involvement of the Defendant Asset in the alleged offenses giving rise to the forfeiture.

2.      On information and belief, Claimant alleges, to the extent that the Defendant Asset is not traceable directly to any of the alleged offenses giving rise to this forfeiture, this action was commenced more than one year from the date of the alleged offenses.

3.      On information and belief, Claimant alleges that Plaintiff has incorrectly interpreted or otherwise mischaracterized Article 177 and Article 178 of the Penal Code of Congo, as well as Article 53 and Article 54 of the Constitution of the Republic of Congo, and, as such, has failed to state a foreign law basis for forfeiture of the Defendant Asset. Claimant alleges that Plaintiff's failure to so state a foreign law basis for forfeiture is further evidenced by Plaintiff's failure to append as an Attachment to its Verified Complaint the selected provisions of Congolese law upon which it relies for forfeiture.

4.      On information and belief, Claimant alleges that Plaintiff's sprawling, conclusory Verified Complaint poses significant risk of impeding upon the legitimate sovereignty of the Republic of the Congo, while inappropriately denigrating and intruding upon the governmental and administrative affairs of that independent nation.  To wit, Plaintiff devotes a substantial portion

of the Verified Complaint casting aspersions against the business conducted by SNPC, as well as Mr. Nguesso's purportedly "lavish" lifestyle – including raising allegations involving transactions wholly unrelated to the Defendant Asset, such as the chartering of private flights or the purchasing of luxury vehicles and designer watches.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

5. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Due Process; Fifth Amendment)**

6. The forfeiture of the Defendant Asset would violate the substantive and procedural due process rights guaranteed by the Due Process Clause of the Fifth Amendment to the United States Constitution.

**THIRD AFFIRMATIVE DEFENSE**
**(Excessive Fine; Eighth Amendment)**

7. The forfeiture of the Defendant Assets would be unconstitutionally excessive and would violate the Excessive Fines Clause of the Eighth Amendment.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

8. Plaintiff's claims are barred by the applicable statutes of limitation, as provided in 18 U.S.C. § 981, 18 U.S.C. § 984(b), and 19 U.S.C. § 1621.

**FIFTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

9. Plaintiff's claims are barred by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Innocent Ownership)**

10. Claimant is an innocent owner of the *res* the Plaintiff seeks to seize.

### SEVENTH AFFIRMATIVE DEFENSE
**(Act of State Doctrine)**

11.     Plaintiff's Complaint should be dismissed under the act of state doctrine.

### EIGHTH AFFIRMATIVE DEFENSE
**(International Comity)**

12.     Plaintiff's Complaint should be dismissed, and the Court should abstain from exercising jurisdiction, under the principles of international comity.

### NINTH AFFIRMATIVE DEFENSE
**(Tracing)**

13.     Plaintiff's claims are barred by its failure to trace the Defendant Asset under 18 U.S.C. § 981.

### TENTH AFFIRMATIVE DEFENSE
**(Subsequently Discovered Defenses)**

14.     Claimant may discover additional affirmative defenses. Claimant reserves the right to assert additional defenses if discovery indicates such defenses would be appropriate.

### CLAIMANT'S PRAYER FOR RELIEF

**WHEREFORE,** Claimant prays for judgment as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice;

2.     That Plaintiff's request for forfeiture of the Defendant Asset be denied and the Defendant Asset be released to Claimant;

3.     That Claimant be awarded her costs incurred in defending this action as permitted by applicable law, including reasonable attorneys' fees; and

4.     For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Claimant demands a trial by jury on all issues so triable.

Dated: September 18, 2020                    Respectfully submitted,

**KOBRE & KIM LLP**

/s/ Adriana Riviere-Badell
Adriana Riviere-Badell
Adriana.Riviere-Badell@kobrekim.com
Florida Bar No. 30572.
201 South Biscayne Blvd.
Suite 1900
Miami, FL 33131
Tel: +1 305 967 6117
Fax: +1 305 967 6120

Robin Rathmell, Esq.
Robin.Rathmell@kobrekim.com
1919 M Street, NW
Washington, DC 20036
Tel. +1 202 664 1900
Fax. +1 202 664 1920

Jason Short
Jason.Short@kobrekim.com
800 Third Ave.
Floor 6
New York, NY 10022
Tel. +1 212 488 1200
Fax. +1 212 488 1220

*Attorneys for Claimant Nathalie Bumba-Pembe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2020 a true and correct copy of the foregoing Answer was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing on all counsel or parties of record on the service list.

/s/ Adriana Riviere-Badell
Adriana Riviere-Badell
Adriana.Riviere-Badell@kobrekim.com
Florida Bar No. 30572.
201 South Biscayne Blvd.
Suite 1900
Miami, FL 33131
Tel: +1 305 967 6117
Fax: +1 305 967 6120

Robin Rathmell, Esq.
Robin.Rathmell@kobrekim.com
1919 M Street, NW
Washington, DC 20036
Tel. +1 202 664 1900
Fax. +1 202 664 1920

Jason Short
Jason.Short@kobrekim.com
800 Third Ave.
Floor 6
New York, NY 10022
Tel. +1 212 488 1200
Fax. +1 212 488 122

## SERVICE LIST

**Electronic Mail Notice List**
The following is the list of parties who are currently on the list to receive email notice/service for this case.

Adrienne E. Rosen
Adrienne.rosen@usdoj.gov

Shai Bronshtein
Shai.bronshtein@crm.usdoj.gov

16

Adriana Riviere-Badell
adriana.riviere-badell@kobrekim.com

Robin Rathmell
robin.rathmell@kobrekim.com

Jason Michael Short
jason.short@kobrekim.com