UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-22427-MGC

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

REAL PROPERTY LOCATED AT
900 BISCAYNE BLVD UNIT #6107,
MIAMI, FLORIDA 33132,

        Defendant *In Rem*.
_____/

## AGREED MOTION TO APPROVE SETTLEMENT AGREEMENT

The United States of America submits this Agreed Motion to Approve Settlement Agreement between the United States and Nathalie Bumba-Pembe ("Claimant") (collectively, the "Parties"). In support of its motion, the United States submits as follows:

1. On June 12, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (the "Complaint") against Real Property Located at 900 Biscayne Blvd Unit #6107, Miami, Florida 33132 ("Defendant Property"). *See* Compl., ECF No. 1. On June 23, 2020, the Complaint was duly posted on the door of the Defendant Property. ECF No. 4. Notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 27.

2. On August 28, 2020, Claimant filed a Verified Claim and Statement of Interest as the sole titleholder of the Defendant Property, ECF No. 9, and on September 18, 2020, filed an Answer and Affirmative Defenses, ECF No. 12.

3. On October 22, 2020, the Parties filed an Agreed Motion to Authorize Interlocutory Sale of the Defendant Property, ECF No. 13, in which the Parties agreed that the net proceeds of the sale of the Defendant Property ("Net Proceeds"), to include any refund of taxes paid in connection with the sale, would be substituted as the *res* in this civil forfeiture action. The Court entered an order granting the motion on the same day, ECF No. 14.

4. Per the Court's order, the Defendant Property was sold, and, on November 2, 2020, the Net Proceeds were transferred to HSI and the IRS.[1]

5. The time for filing other claims has expired and no other claims have been filed.

6. Consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation, the United States and Claimant have entered into a Stipulation and Agreement ("Agreement," ECF No. 28-1), which does not constitute an admission of guilt, fault, liability, and/or any form of wrongdoing on the part of the Claimant. Moreover, as part of the Agreement, the United States and Claimant agreed to return approximately $250,000 of the Net Proceeds to the Claimant, with the remainder of the Net Proceeds forfeited in their entirety to the United States.

7. After Court approval of the subject Agreement, the United States will move for entry of final judgment of forfeiture and any other appropriate order to effectuate the Agreement.

WHEREFORE, the United States requests that this Court grant this Motion, and for such other and further relief as the Court deems just and proper.

---

[1] The funds transferred to the IRS represent "those withheld under the Foreign Investment in Real Property Tax Act ('FIRPTA')," which Claimant agreed, if they were "later released or refunded . . . shall be remitted to the United States and shall become a part of the net proceeds and the substitute *res*." *Aff. of Nathalie Bumba-Pembe*, ECF No. 13-1.

Respectfully submitted,

Dated: August 2, 2021

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

BY: /s Adrienne E. Rosen
    Adrienne E. Rosen
    Assistant United States Attorney

DEBORAH CONNOR
CHIEF
MONEY LAUNDERING &
ASSET RECOVERY SECTION

BY: /s Shai D. Bronshtein
    Shai D. Bronshtein
    Trial Attorney