UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-22427-MGC

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

REAL PROPERTY LOCATED AT
900 BISCAYNE BLVD UNIT #6107,
MIAMI, FLORIDA 33132,

           Defendant *In Rem*.
_____/

## STIPULATION AND SETTLEMENT AGREEMENT

The United States of America (the "United States"), by and through the undersigned attorneys, and Nathalie Bumba-Pembe ("Claimant"), with undersigned counsel, (collectively, the "Parties"), hereby stipulate and agree as follows:

1. The Parties agree to resolve this matter consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation.

2. The Court has jurisdiction over the Parties, the defendant *in rem*, and the subject matter of this Stipulation and Settlement Agreement (the "Agreement").

3. The Agreement is subject to approval by the Court, and a violation of any term or condition shall be construed as a violation of an order of the Court.

4. On June 12, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (the "Complaint") against Real Property Located at 900 Biscayne Blvd Unit #6107, Miami, Florida 33132 ("Defendant Property"). *See* Compl., ECF No. 1. On June 23, 2020, the Complaint was duly posted on the door of the Defendant Property. ECF No. 4. Notice of Civil Forfeiture

was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 27.

5. On August 28, 2020, Claimant filed a Verified Claim and Statement of Interest as the sole titleholder of the Defendant Property, ECF No. 9, and on September 18, 2020, filed an Answer and Affirmative Defenses, ECF No. 12.

6. On October 22, 2020, the Parties filed an Agreed Motion to Authorize Interlocutory Sale of the Defendant Property, ECF No. 13, in which the Parties agreed that the net proceeds of the sale of the Defendant Property ("Net Proceeds"), to include any refund of taxes paid in connection with the sale, would be substituted as the *res* in this civil forfeiture action. The Court entered an order granting the motion on the same day, ECF No. 14.

7. Per the Court's order, the Defendant Property was sold and, on November 2, 2020, the Net Proceeds were transferred to HSI and the IRS[1].

8. This Agreement does not constitute an admission of guilt, fault, liability, and/or any form of wrongdoing on the part of Claimant. Similarly, this Agreement does not constitute an admission by the United States that it lacked probable cause to file the Complaint.

9. This Agreement resolves Claimant's claim to the Defendant Property and the Net Proceeds. The Parties accept this Agreement as final and binding as to all issues between the United States and Claimant as to the Defendant Property and the Net Proceeds.

10. Claimant agrees, in her individual capacity and in any other capacity, to forfeit to

---

[1] The funds transferred to the IRS represent "those withheld under the Foreign Investment in Real Property Tax Act ('FIRPTA')," which Claimant agreed, if they were "later released or refunded . . . shall be remitted to the United States and shall become a part of the net proceeds and the substitute res." *Aff. of Nathalie Bumba-Pembe*, ECF No. 13-1.

the United States all right, title, and interest in the Net Proceeds, to include any refunds of taxes or other payments due in connection with the sale of the Defendant Property, plus any accrued interest, with the exception of $250,000.00 (the "Released Property").

11. The United States agrees to remit the Released Property to Claimant after the Court enters a Judgment of Forfeiture as to the remaining Net Proceeds.

12. Claimant, including her representatives, agents, heirs, relatives, and assigns, hereby withdraw all claims and waives any answer and defense that Claimant has or might have against the United States and all agents, officers, employees, and contractors thereof (hereinafter the "Released Parties"), relating to the investigation, seizure, and forfeiture of the Defendant Property or the Net Proceeds, including but not limited to any claim for lost profits, lost interest, or excessive fines under the Eighth Amendment of the United States Constitution.

13. Claimant agrees to release and hold harmless the Released Parties from all claims that currently exist or that may arise as a result of the United States' actions against and relating to the Defendant Property or the Net Proceeds.

14. If any other person or entity makes a claim to the remaining Net Proceeds and such claim necessitates any further administrative or judicial forfeiture action regarding the remaining Net Proceeds, Claimant agrees to cooperate fully with the United States in any such administrative or judicial forfeiture proceedings.

15. Claimant acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state.  Accordingly, Claimant acknowledges that the amount of the Released Property may be reduced by the amount of any such

delinquent debt that the United States Treasury is required to collect through TOP.

16. The undersigned counsel for Claimant hereby represents she has reviewed and discussed the Agreement with Claimant and has advised her that the terms of the Agreement are in her best interest.

17. Each of the Parties agrees to bear its own costs and attorney's fees.

18. Claimant has read and fully understands each provision of the Agreement and has freely and voluntarily signed the Agreement.

19. The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

20. The Agreement contains the entire agreement between the Parties.

| FOR CLAIMANT: | FOR THE UNITED STATES OF AMERICA: |
|---|---|
| | JUAN ANTONIO GONZALEZ |
| Nathalie Bumba-Pembe          DATE | ACTING UNITED STATES ATTORNEY |
| CLAIMANT                             30/07/2021 | SOUTHERN DISTRICT OF FLORIDA |
| | BY: _____ 08/02/2021 |
| Evelyn B. Sheehan                DATE | Adrienne E. Rosen                      DATE |
| Kobre & Kim | Assistant United States Attorney |
| COUNSEL FOR CLAIMANT | |
| s/ Evelyn Baltodano-Sheehan   08/02/2021 | DEBORAH CONNOR |
| | CHIEF |
| | MONEY LAUNDERING & |
| | ASSET RECOVERY SECTION |
| | |
| | BY: _____ 8/2/2021 |
| | Shai D. Bronshtein                     DATE |
| | Trial Attorney |

